**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **RICHARD SOLETHER,** | Case No.  3:10 CV 346 |
| Petitioner, | Judge Dan Aaron Polster |
| vs. | **MEMORANDUM OF OPINION AND ORDER** |
| **JESSIE WILLIAMS, Warden,** | |
| Respondent. | |

Before the Court are: (1) Petitioner's Petition for Writ of Habeas Corpus ("Habeas Petition"), filed pursuant to 28 U.S.C. §2254; (2) the Magistrate Judge's Report and Recommendation ("R&R") denying the Habeas Petition; and (3) Petitioner's Objections to the Magistrate Judge's R&R ("Objections").  For the reasons discussed, *infra*, the Court **OVERRULES** the Objections (**Doc #: 13**), and **ADOPTS** the thorough, well-written R&R (**Doc #: 12**) with respect to Grounds One, Three, and Four.  Additionally, the Court **DENIES** Ground Two on its merits.  Accordingly, the Petition for Writ of Habeas Corpus is hereby **DENIED**.

**I.**

Petitioner filed a Petition for Writ of Habeas Corpus on February 16, 2010, arising out of his 2007 rape conviction in the Wood County Court of Common Pleas.  The

petition raises four grounds for relief:

>1.  The state violated Richard Solether's due process rights when it failed to disclose that Ms. Boren had failed a polygraph test.
>
>2.  The state violated Richard Solether's Sixth Amendment Confrontation rights, right to present a complete defense, and Fifth and Fourteenth Amendment rights to a Fair Trial by not disclosing Ms. Boren's failed polygraph test results.
>
>3.  The state violated Richard Solether's Sixth Amendment rights to confront his accuser and present a complete defense when he was barred from impeaching Boren with evidence of her prior inconsistent conduct.
>
>4.  The cumulative effect of all errors violated petitioner's due process right to a fair trial.

(Doc #:1.)

On March 14, 2011, Magistrate Judge Kenneth McHargh issued an R&R recommending that the Habeas Petition be denied on all four grounds.  The Magistrate Judge concluded that the first ground should be denied because the ruling that the polygraph examination results were inadmissible at trial was not contrary to, or an unreasonable application of clearly established federal law.  The Magistrate Judge recommended denying the second and third grounds because they were not fairly presented to the Ohio Court of Appeals and Supreme Court of Ohio.  Finally, the Magistrate Judge reasoned that the fourth ground should be denied because it is not a cognizable habeas claim.

On March 28, 2011, Petitioner objected to the R&R in its entirety.  Respondent filed a response to Petitioner's objections on April 21, 2011.

**II.**

Pursuant to 28 U.S.C. §636(b)(1), the Court shall "make a de novo determination

-2-

of those portions of the [R&R] ... to which objection is made." Because Petitioner objected to the R&R in its entirety, the Court must examine the Magistrate Judge's determinations on all four grounds of Petitioner's habeas petition.

**Ground One**

The Magistrate Judge determined that the first ground - violation of Petitioner's due process rights by the state for not disclosing that the alleged victim had failed a polygraph test - should be denied on its merits. Specifically, the Magistrate Judge concluded that the state appellate courts had not rendered a decision contrary to, or unreasonably applying, clearly established Supreme Court precedent.

Habeas relief is available only where the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d); *Tibbetts v. Bradshaw*, 633 F.3d 436, 441 (6th Cir. 2011).

Petitioner asserts that the state court violated his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963)[1], by suppressing material evidence. Specifically, Petitioner argues that using a state court rule to preclude disclosure of polygraph results and use of such results for an admissible purpose is contrary to, or an objectively unreasonable application of, clearly established Supreme Court precedent. Petitioner's argument relies, in part, on a Sixth

---

[1] In *Brady*, the Supreme Court of the United States held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment ..." 373 U.S. at 87.

-3-

Circuit case, *Leal v. Morris*, 842 F.2d 332 (6th Cir. 1988), where the petitioner partially based his habeas petition on the prosecutor's suppression of polygraph test results. *Leal*, however, does not hold that a state court's preclusion of polygraph results is contrary to or an unreasonable application of Supreme Court precedent. Rather, in *Leal* the Sixth Circuit denied the petitioner's writ of habeas corpus because polygraph evidence is generally inadmissible under Ohio law. *Id*.

Contrary to Petitioner's assertions, "the admissibility of polygraph evidence is a state law issue, and thus not an issue of clearly established federal law." *Bolton v. Berghuis*, 164 Fed. App'x 543, 550 (6th Cir. 2006). "No federal court has held that as a constitutional matter, polygraph evidence must be admitted in any criminal trial, or that polygraph evidence is reliable." *Id*. (citing *United States v. Scheffer*, 523 U.S. 303 (1998)). As noted by the Magistrate Judge, the Supreme Court has held, however, that "a prosecutor has no constitutional duty even to disclose to a criminal defendant the fact that a witness has 'failed' a polygraph test." *King v. Trippett*, 192. F.3d 517, 522 (6th Cir. 1999) (citing *Wood v. Bartholomew*, 516 U.S. 1, 5-6 (1995) (per curiam)). The state appellate court's decision that the polygraph results were inadmissible under state law was therefore not an unreasonable application of, or contrary to, federal constitutional law. Because "it is not the province of a federal habeas court to re-examine state court determinations on state-law questions," Ground One must be denied. *Ege v. Yukins*, 485 F.3d 364, 375 (6th Cir. 2007) (quoting *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)).

**Ground Two**

The Magistrate Judge concluded that the second ground - violation of Petitioner's Sixth Amendment Confrontation rights, right to a complete defense, and rights to a fair trial

under the Fifth and Fourteenth - was not exhausted because it was not fairly presented as a constitutional question to the state courts.

A habeas petitioner is generally required to exhaust state remedies by presenting the substance of his constitutional claim to the state courts prior to seeking habeas relief. *Houston v. Waller*, Nos. 08-5583, 08-5584, 2011 WL 1496350 at *7 (6th Cir. April 20, 2011) (citing 28 U.S.C. 2254(b)(1)(A)). In order for a claim to have been exhausted, it must be "fairly presented" at the first possible opportunity within "one complete round of the State's established appellate review process." *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004). In situations in which a petitioner has failed to fairly present federal claims to the state courts, and a state procedural rule now prohibits the state court from considering them, the claims are considered procedurally defaulted. *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002). "While in such situations the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, the petitioner's failure to have the federal claims considered in the state courts results in a procedural default of those claims that bars federal court review." *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009) (citations omitted).

The R&R does not make clear whether the Magistrate Judge believes Petitioner has failed to exhaust his claims or whether the claims are procedurally defaulted. However, whether the basis is failure to exhaust or procedural default, the Court does not agree that Petitioner did not fairly present his claims to the state courts. "Determining when a claim has been 'fairly presented' is contextual and individual to each case." *Houston*, 2011 WL 1496350 at *8. "To present a claim fairly, it is sufficient if the substance of the claim was presented to the state courts, such that the ultimate question would have been the same despite variations in the

-5-

legal theory or factual allegations urged in its support." *Jells v. Mitchell*, 538 F.3d 478, 504 (6th Cir. 2008).  Among the most significant factors in determining whether a claim is fairly presented are: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts within the mainstream of constitutional law.  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (citation omitted).

Ground Two presents three constitutional claims arising from the state's failure to disclose polygraph results: (1) violation of Sixth Amendment Confrontation Clause rights; (2) the right to present a complete defense, which is rooted in the Sixth Amendment Confrontation Clause or Fourteenth Amendment Due Process Clause, *Crane v. Kentucky*, 476 U.S. 683, 690 (1986); and (3) the right to a fair trial pursuant to the Fifth and Fourteenth Amendment Due Process Clauses.

The Assignment of Error in Petitioner's brief on appeal to the Sixth District Court of Appeals specifically characterized the state's action as "[u]ndercutting Solether's [a]bility to [e]ffectively [c]ross-[e]xamine the [e]xpert [w]itness under the Sixth Amendment."  (Doc #: 8-1 at 57.)  His brief further argued that "[b]y failing to disclose that Boren had failed a polygraph examination, the state violated Solether's due process rights and right to adequately confront the witnesses against him."  (*Id*. at 76.)  His Memo in Support of Jurisdiction to the Ohio Supreme Court notes that "failure to make the polygraph results available for Solether's use to cross-examine the state's expert is also a violation of Solether's Confrontation Clause rights to fully confront the witnesses against him."  (*Id*. at 235.)

Moreover, Petitioner's assignments of error in his state appeal of the denial of his motion for post-conviction relief and new trial repeat that he was unable "to [e]ffectively [c]ross-[e]xamine the [S]tate's [E]xpert [W]itness under the Sixth Amendment." (*Id*. at 319.) Among the Issues Presented were "[w]hether the state reversibly erred and violated Brady v. Maryland, Due Process, and the Sixth Amendment's Confrontation Clause when it failed to disclose material exculpatory evidence in the form of the complaining witness' polygraph test results ..." (*Id*.) Within his brief he characterized the failure to disclose the polygraph result as "a Brady violation in violation of his constitutional rights to due process, a fair trial, and a right to fully confront the witnesses against him..." *(Id*. at 331.)

His Memo in Support of Jurisdiction to the Ohio Supreme Court reinforce these claims, arguing that "[b]ecause the state failed to disclose the polygraph results, Solether's 6th Amendment right to fully confront and cross-examine all witnesses against him was violated along with his 5th and 14th Amendment due process rights per *Brady v. Maryland* and *Kyles v. Whitley*." (*Id*. at 365.) His Memo in Support of Jurisdiction also cites to two cases - *Faretta v. California*, 422 U.S. 806, 818 (1975) and *Parker v. Gladden*, 385 U.S. 363, 364-65 (1966) - which his parenthetical explanation indicates were cited as precedent on the issue of the constitutional right to a fair trial. (*Id*. at 377.)

Thus, Petitioner fairly presented the claims in Ground Two to the state Court of Appeals and Supreme Court because he sufficiently phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right. *See McMeans*, 228 F.3d at 681. Petitioner's state appellate briefs specifically allege that he believed his Sixth Amendment Confrontation Clause rights had been violated. While the R&R concludes

that Petitioner's arguments to the state courts were broader "than simply alleging a Brady violation" but were not presented "as a violation of his constitutional right to a fair trial" the Sixth Circuit has stated that, "[a]s a practical matter" Brady is ultimately concerned with "ensuring that criminal defendants receive a fundamentally fair trial ..." *Moldowan v. City of Warren*, 578 F.3d 351, 378 (6th Cir. 2009) (internal quotations and citation omitted). Thus, if Brady is implicated, the right to a fair trial is also necessary implicated. Similarly, Petitioner's right to a complete defense is impacted by evidentiary decisions made by the state court. *See Wynne v. Renico*, 606 F.3d 867, 870 (6th Cir. 2010) (habeas motion decision based on "whether the state courts' construction of their evidentiary rule ... violates the Sixth Amendment right to present a complete defense). Accordingly, Petitioner's second ground was fairly presented to the state courts.

While Ground Two was, in fact, fairly presented to the state courts, it nevertheless must be denied on its merits. Like Ground One, Ground Two is premised upon Petitioner's argument that his constitutional rights were violated when the prosecution failed to disclose that the victim had failed a polygraph test. As discussed, *supra*, the admissibility of polygraph results is a state law issue which does not implicate a defendant's federal constitutional rights. *Bolton*, 164 Fed. App'x at 550. There is no *Brady* violation because no federal court has found a constitutional right to use polygraph results as evidence during trial. Accordingly, Ground Two must be denied for the same reasons as Ground One.

**Ground Three**

In contrast, the Court agrees with the Magistrate Judge's conclusion that Ground Three was not exhausted, or more accurately, procedurally defaulted. Ground Three deals with

Petitioner's inability to use evidence of the victim's prior inconsistent conduct in his defense. The evidence in question was a piece of paper on which the victim allegedly intended to write her phone number. The sections of Petitioner's state court briefs addressing this issue do not explicitly or implicitly refer to any federal constitutional issues. Rather, Petitioner's argument appears to be premised on errors the trial court made in interpreting state rules of evidence. For example, Petitioner notes that "[a]lthough the defense sought only to impeach Boren's credibility, the paper nevertheless satisfies Rule 613(B)(2)'s admissibility standards ..." (Doc #: 8-1 at 79.) Petitioner also compares his situation with that of the defendant in *State v. Portis*, 2002 WL 2005776 (Ohio App. Dist. 2002), who alleged that a trial court abused its discretion in excluding certain evidence. (*Id*. at 78-79.)

The facts, as presented by Petitioner, may contain a constitutional claim somewhere within. Yet, the same can be said of nearly any evidentiary ruling made by a trial court. The issue is whether the constitutional claim was fairly presented to the state courts. Petitioner's state court briefs raise evidentiary concerns and question whether the trial court abused its discretion. However, Petitioner's allegations were not sufficiently specific, such that a state appellate court would understand that a constitutional challenge was being made.

**Ground Four**

The Magistrate Judge correctly determined that Ground Four -the cumulative effect of all errors violated petitioner's due process right to a fair trial - is not a cognizable habeas claim. The Sixth Circuit has unquestionably held that "cumulative error claims are not cognizable on habeas because the Supreme Court has not spoken on this issue." *Williams v. Anderson*, 460 F.3d 789, 816 (6tg Cir. 2006) (citing *Moore v. Parker*, 425 F.3d 250, 256) (6th

Cir. 2005); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002). Petitioner has not cited any authority to the contrary. Accordingly, the Court adopts the Magistrate Judge's conclusion with respect to Ground Four.

### III.

For the reasons discussed, *supra*, the Court **OVERRULES** the Objections (**Doc #: 13**), and **ADOPTS** the thorough, well-written R&R (**Doc #: 12**) with respect to Grounds One, Three, and Four. Additionally, the Court **DENIES** Ground Two on its merits. Accordingly, the Petition for Writ of Habeas Corpus is hereby **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster     June 2, 2011*
**Dan Aaron Polster**
**United States District Judge**